UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of Presidio, Inc., Applicant pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding. | Case No. 20-mc-80107-NC<br><br>**ORDER DENYING LEAVE TO OBTAIN FOREIGN DISCOVERY**<br><br>Re: Dkt. No. 1 |

Before the Court is Presidio, Inc.'s ex parte application for an order under 28 U.S.C. § 1782 granting leave to obtain discovery for use in a foreign proceeding. Dkt. No. 1. Presidio seeks targeted discovery from Google for use in both civil and criminal proceedings it anticipates bringing in Japan. The Court DENIES the applicant's leave to obtain foreign with leave to amend the application addressing the Court's concerns.

**I.   Background**

Presidio acquires, distributes, and markets films. Nakajima Decl. ¶ 4. It alleges that some of its movies have been uploaded to YouTube by unknown users, whose identities it seeks through this ex parte application. *Id*. ¶ 5. Presidio's attorney states that Presidio intends to "bring a lawsuit and initiate criminal investigation in Japan against the person(s) associated with the Infringers and the Infringing Work as soon as the person(s)' identities have been ascertained through the discovery sought" in the § 1782 application. *Id*. ¶ 7.

**II.     Legal Standard**

28 U.S.C. § 1782 provides federal court assistance in gathering evidence for use in foreign tribunals. *Intel Corp. v. Advanced Micro Devices, Inc.*, 642 U.S. 241, 247 (2004). It aims to provide efficient assistance to participants in international litigation and to encourage foreign countries to provide similar assistance to U.S. litigants. *Id*. at 246.

The statute requires that an applicant seeking foreign discovery meet the following criteria: (1) the discovery sought must be from a person residing in the district of the court to which the application is made; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the applicant must be a foreign or international tribunal or an "interested person." *Id*.

Even once statutory requirements are met, the district court retains discretion in determining whether to grant an application under § 1782. *Id*. The Supreme Court articulated the following non-exhaustive factors to help district courts determine how to exercise their discretion in granting discovery under § 1782:

(1) whether the person from whom the discovery is sought is a participant in the foreign proceeding;

(2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court or agency to U.S. federal court judicial assistance;

(3) whether the discovery request is a concealed attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the U.S.; and

(4) whether the discovery is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264–54.

An order granting a § 1782 application only provides that discovery is authorized, and the opposing party may still raise objections and challenge the discovery via a motion to quash. *In re Varian Med. Sys. Int'l AG*, Case No. 16-mc-80048-MEJ, 2015 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

2

### III. Discussion

#### A. Statutory Factors

Presidio meets two of the three statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this district. Additionally, Presidio is an interested person as the putative plaintiff in that action.

However, the Court is not certain whether the Japanese proceeding is "within reasonable contemplation." *Intel*, 442 U.S. at 259. The Court's only information to this end is a declaration stating that the applicant will bring a lawsuit and will "initiate a criminal proceeding." Nakjima Decl. ¶ 7. Presidio has not explained what Japanese law was allegedly violated and what civil lawsuit it intends to bring. Moreover, the Court is confused as to how Presidio claims it will bring a criminal case against anyone. Presidio must explain how as a private company its "criminal proceedings" against the alleged infringers are "within reasonable contemplation."

#### B. *Intel* Factors

The first three *Intel* factors weigh in favor of granting the application. First, even though Google is not a participant in the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding" and Presidio contends that this evidence is outside the reach of the Japanese court's jurisdiction. *In re Varian Med. Sys.*, 2016 WL 1161568 at *3 (internal quotations and citations omitted); Dkt. No. 1 at 5. Second, Presidio states that Japanese courts have been receptive in other matters to assistance in discovery from the United States and this Court has no evidence that Japanese courts might object to this discovery. *Id*. Third, there is nothing in the record to suggest that Presidio is attempting to circumvent foreign proof-gathering restrictions. *In re Google, Inc.*, 2014 WL 7146994 at *3.

The Court has concerns about the fourth *Intel* factor: Presidio seeks "all documents identifying the user(s)" of all relevant accounts "from the date each account was created to the present including all names (including postal codes and address uses for address (PIN)

3

verification," email addresses, and telephone numbers. Dkt. No. 5. Presidio also seeks all such documents associated with payment methods, including the name of relevant financial institutions. *Id.* Finally, Presidio requests access logs including dates, times, IP addresses, and access type for the entire history of the account since creation. *Id.*

These requests are overly burdensome because they are over broad. Presidio has not explained why it needs any financial information from any account, nor has it justified its request for access log information. Additionally, Presidio has failed to explain why it needs any information at all dating back from the creation of the account—instead, it should only be interested in who used the account at the time that the videos were allegedly posted.

## IV.   Conclusion

The application under 28 U.S.C. § 1782 is hereby DENIED due to the deficiencies described in this Order. The applicant is granted leave to amend the application and proposed subpoena to address the Court's concerns. A renewed application must be filed by **July 15, 2020**, or the case will be dismissed.

**IT IS SO ORDERED.**

Dated: July 1, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

4